IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUINCY TIMS                                                                                           PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:12cv255-DPJ-FKB

TYRONE LEWIS, et al.                                                                         DEFENDANTS

OPINION AND ORDER

Plaintiff, a pretrial detainee at the Hinds County Detention Center (HCDC), brought this action pursuant to 42 U.S.c. § 1983 alleging that he was injured by a faulty light fixture in his cell.  Presently before the Court is the motion for summary judgment filed by Tyrone Lewis, Mike Ivy, and Chris Picou.  Plaintiff has not responded to the motion.  Having considered Plaintiff's sworn complaint, his testimony at the omnibus hearing, and the evidence submitted by Defendants in support of their motion, the Court concludes that the motion should be granted.

Plaintiff alleges that on February 22, 2012, a light fixture with faulty wiring fell from the ceiling in his cell and burned him.  He testified at the omnibus hearing that he had filed numerous grievances about the problem prior to the incident.  He also complains that he did not receive prompt medical attention for his injuries.

Plaintiff's claims fail as a matter of law because he has failed to link any of the named defendants with any constitutional violation.  When questioned at the omnibus hearing concerning the involvement of Sheriff Tyrone Lewis and Deputy Chris Picou, he responded that he was suing these defendants because they were responsible for conditions at the jail.  There is no respondeat superior liability under § 1983.  *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Rather, a plaintiff must prove that the

defendants directly participated in the denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Plaintiff has failed to come forward with any evidence, or even allege, that Lewis and Picou knew about the problem in Plaintiff's cell. Thus, he has established no basis for holding them liable.

Plaintiff's claim against Mike Ivy is based upon the allegation that Ivy did not allow him to go to the medical unit for treatment for his injuries. Plaintiff's medical records indicate that he was seen in the medical clinic approximately an hour after the incident and was treated for first degree burns and vomiting. This claim is likewise without merit.

Accordingly, Defendants' motion is hereby granted. A separate judgment will be entered.

SO ORDERED this the 10TH day of March, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE